IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARLENE OGATA (5), | ) | CRIM. NO. 07-00615 SOM |
| | ) | CIV. NO. 12-00130 SOM-RLP |
| Petitioner, | ) | |
| | ) | ORDER DENYING MOTION TO |
| vs. | ) | VACATE, SET ASIDE, OR CORRECT |
| | ) | A SENTENCE BY A PERSON IN |
| UNITED STATES OF AMERICA, | ) | FEDERAL CUSTODY UNDER 28 |
| | ) | U.S.C. § 2255 |
| Respondent. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY UNDER 28 U.S.C. § 2255**

**I.      INTRODUCTION.**

Marlene Ogata pled guilty to conspiring to distribute 50 grams or more of methamphetamine and is currently serving a 210-month sentence. She was sentenced for her role in a large conspiracy involving 2,000 pounds of methamphetamine. She was found responsible for assisting in the distribution of 50 pounds of methamphetamine.

Ogata now seeks to vacate her sentence pursuant to 28 U.S.C. § 2255 on the ground that her trial and appellate counsel provided ineffective assistance. Because her claims are either procedurally barred or lack merit, this court denies her motion. The court declines to issue a certificate of appealability.

II.     **BACKGROUND.**

Ogata was indicted on November 17, 2007. A superseding indictment, filed on July 2, 2008, charged Ogata with having conspired to distribute and possess with intent to distribute 50 grams of more of methamphetamine, its salts, isomers, and salts of its isomers. First Superseding Indictment at 2, July 2, 2008, ECF No. 264 ("Indictment"). According to the indictment, the conspiracy spanned the period from 2000 to September 2005. Id. Ogata allegedly facilitated multi-pound methamphetamine transactions for profit. Id. at 5.

Ogata pled guilty in this court on July 10, 2008, with no plea agreement. See ECF No. 285. During her plea colloquy, Ogata said she understood the charge against her. See Transcript of Proceedings on July 10, 2008, at 3:14-4:3, ECF No. 592 ("Plea Transcript"). Specifically, she understood that she had been charged with having conspired to distribute and possess with intent to distribute 50 grams or more of actual methamphetamine from 2000 through September 2005. Id.

During the Rule 11 plea colloquy, the United States summarized the evidence that it would have presented at trial. The United States said that Ogata had received pound quantities of methamphetamine from some of her co-defendants and other individuals and had delivered the drugs to a co-defendant. Id. at 10:17-11:25. Ogata allegedly knew that the substance was

2

methamphetamine and that she was furthering the conspiracy to distribute methamphetamine in Hawaii. <u>Id.</u> Ogata said that she had not heard anything wrong in the United States' summary. <u>Id.</u> at 12:5-7. She also agreed that the conspiracy involved "at least 50 grams of the pure form of methamphetamine." <u>Id.</u> at 12:10-13:2.

On April 27, 2009, this court sentenced Ogata to 210 months in custody and five years of supervised release for her role in the conspiracy.[1] <u>See</u> ECF No. 551. The court adopted the Presentence Investigation Report, which stated that Ogata was responsible for having assisted in the distribution of at least 50 pounds of methamphetamine. Presentence Investigation Report at 16. At the sentencing hearing, Ogata said she had reviewed the Presentence Investigation Report and that her lawyer had stated all of her objections to that report. <u>See</u> Transcript of Proceedings on April 27, 2009, at 2:20-3:2, ECF No. 618 ("Sentencing Transcript"). Those objections focused on the sentencing enhancement relating to Ogata's role in the offense; there were no objections as to drug amount. <u>See</u> Defendant's Sentencing Statement, ECF No. 536.

---

[1] Ogata was also sentenced to nine months in custody and 48 months of supervised release for having violated her supervised release in another case. The terms are to be served consecutively. <u>See</u> Sentencing Transcript at 45:6-11.

Ogata appealed her sentence, arguing that she was entitled to a shorter sentence because she had played only a minor role in the conspiracy. See ECF No. 636. The Ninth Circuit stated that Ogata had played a significant role and affirmed her sentence on December 15, 2010. Id.

On March 5, 2012, Ogata moved to vacate her sentence pursuant to 28 U.S.C. § 2255, on the ground that her counsel's ineffectiveness had caused her to be denied her Sixth Amendment right to counsel. She seeks an evidentiary hearing. The court finds an evidentiary hearing unwarranted and now denies Ogata's motion.

### III.　　LEGAL STANDARD.

A federal prisoner may move to vacate, set aside, or correct his or her sentence if it "was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. A petitioner must allege specific facts that, if true, entitle the petitioner to relief. See United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004); United States v. Rodrigues, 347 F.3d 818, 824 (9th Cir. 2003) (citing United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996)).

A judge may dismiss a § 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Section 2255 Rules. A court need not hold an evidentiary hearing if the allegations are "palpably incredible or patently frivolous," or if the issues can be conclusively decided on the basis of the evidence in the record. See Blackledge v. Allison, 431 U.S. 63, 76 (1977); see also United States v. Mejia-Mesa, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief"); Frazer v. United States, 18 F.3d 778, 781 (9th Cir. 1994).

**IV.   ANALYSIS.**

Ogata's motion asserts three claims couched as ineffective assistance of counsel claims. Her claims arise from this court's determination of the drug amount she was responsible for: 50 pounds of methamphetamine. First, Ogata argues that she was sentenced for a crime not alleged in the indictment because she was sentenced for having conspired to possess and distribute 50 pounds of methamphetamine, while the indictment did not refer to that amount. Second, she argues that she was entitled to a jury determination of the drug amount. Third, she argues that she was denied her Sixth Amendment right of confrontation when

this court relied on the Presentence Investigation Report in determining the drug amount, instead of giving Ogata an opportunity to cross-examine the witnesses whose statements formed the bases for conclusions in the Presentence Investigation Report. Ogata argues that her counsel was ineffective in failing to raise any of these arguments at trial or on appeal.

The court notes that, had Ogata not couched her substantive arguments as ineffective assistance of counsel claims, they would be procedurally barred. Even when a § 2255 petitioner has not raised an alleged error at trial or on direct appeal, the petitioner is procedurally barred from raising an issue in a § 2255 petition if it could have been raised earlier, unless the petitioner can demonstrate both "cause" for the delay and "prejudice" resulting from the alleged error. See United States v. Frady, 456 U.S. 152, 167-68 (1982) ("[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains."); accord Davis v. United States, 411 U.S. 233, 242 (1973). The Presentence Investigation Report explicitly stated that Ogata was responsible for assisting in the distribution of 50 pounds of methamphetamine, and that drug amount was referred to at the sentencing hearing. See Sentencing Transcript

at 8:10-25, 12:6.  Ogata could have contested the amount at that time or on appeal.  She also could have asked for an evidentiary hearing on the drug amount so she could cross-examine the witnesses whose testimonies formed the bases for the Presentence Investigation Report.  She did not do either.

As "cause" excusing her failure to raise the issue earlier, Ogata argues that her counsel was ineffective.  Ogata, however, fails to show that her counsel was indeed ineffective.  To establish ineffective assistance of counsel, Ogata must show that (1) her counsel's performance was deficient, and (2) the deficient performance prejudiced her defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  Ogata's substantive claims not only lack merit as a matter of law, she fails to provide any facts indicating that, had her attorney raised her arguments, a more favorable result would likely have followed.  In other words, she does not show that any ineffective assistance she may have received actually prejudiced her defense.  Although a defendant must meet both prongs of the Strickland test, a court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."  Id. at 697.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed."  Id.

### A. Ogata Was Properly Sentenced On the Charge Stated in the Indictment.

Ogata is incorrect in arguing that she was sentenced on a charge that was not in the indictment. She appears to be arguing that this court effectively amended the charge in the indictment, which referred to a conspiracy to distribute and possess 50 grams of methamphetamine, its salts, isomers, and salts of its isomers, to a charge relating to 50 pounds of generic methamphetamine.

Ogata was properly sentenced on the charge stated in the indictment. She was charged with having conspired to distribute or possess with intent to distribute 50 grams *or more* of methamphetamine. Indictment at 2 (emphasis added). The amount of drugs attributable to Ogata beyond the 50 grams mentioned in the indictment was a matter for this court to determine at sentencing. See United States v. Reed, 575 F.3d 900, 924 (9th Cir. 2009); United States v. Kilby, 443 F.3d 1135, 1140-41 (9th Cir. 2006). The difference between 50 grams of actual methamphetamine and 50 pounds of generic methamphetamine did not affect the maximum sentence provided for by law, which remained life in prison. That is, the same penalty statute, 21 U.S.C. § 841(b)(1)(A), mentioned in the indictment, set the penalties for a conspiracy involving 50 grams of actual methamphetamine and 50 pounds of generic methamphetamine. No higher statutory maximum applied based on the 50-pound total.

The advisory sentencing guideline range was affected, but a guideline range does not amend an indictment. The precise guideline range is frequently unclear at the time of indictment.

At the sentencing hearing, this court adopted the Presentence Investigation Report, which attributed 50 pounds of methamphetamine to Ogata. The court then sentenced Ogata based on that amount. At no point was Ogata's indictment amended.

Ogata's reliance on United States v. Booker, 543 U.S. 220 (2005), is misplaced. In Booker, the Supreme Court stated, "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 244. Ogata's sentence does not exceed the maximum sentenced authorized by the facts. By statute, the maximum sentence for a charge of conspiring to possess with intent to distribute or to distribute 50 grams or more of methamphetamine is life in custody. See 21 U.S.C. §§ 841, 846. Ogata was sentenced to 210 months in custody. Booker is inapplicable here.

To the extent Ogata is arguing that she did not know that she could be held accountable for more than 50 grams of methamphetamine when she pled guilty, Ogata assured the court during her Rule 11 colloquy that she understood she was charged

9

with conspiring to possess with intent to distribute and to distribute methamphetamine in the amount of 50 grams or more. Plea Transcript at 12:20-13:2. In addition, the indictment explicitly stated that Ogata had facilitated "muti-pound" transactions. Indictment at 7. The record thus contradicts Ogata's assertions.

**B.   Ogata Was Not Denied Her Right to a Jury Trial.**

Ogata is also incorrect in arguing that she was denied her Sixth Amendment right to a jury trial. She says that the "factual basis" for her plea was a conspiracy to distribute only 50 grams of methamphetamine. She argues that this court changed the factual basis to 50 pounds at the sentencing hearing. Ogata appears to be arguing that a jury, not the court, should have determined that the drug amount was actually 50 pounds.

Ogata misunderstands the charge against her. The indictment clearly charged Ogata with having conspired to distribute or to possess with intent to distribute 50 grams *or more* of methamphetamine. At her plea colloquy, Ogata admitted to having conspired to possess with intent to distribute 50 grams of actual methamphetamine. Ogata was entitled to a jury trial only on the issue of whether she was responsible for at least 50 grams of actual methamphetamine, a matter on which trial became unnecessary once she admitted to it. See Reed, 575 F.3d at 924; United States v. Jordan, 291 F.3d 1091, 1094-95 (9th Cir. 2002).

That amount triggers a statutory mandatory minimum of ten years and a statutory maximum of life in custody. 21 U.S.C. § 841(b)(1)(A)(viii). Additional amounts of methamphetamine carry the same mandatory minimum and statutory maximum, because the statute applies to "50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers." Id. Ogata is not entitled to a jury trial on methamphetamine amounts above 50 grams because those amounts do not increase the statutory penalty. See Blakely v. Washington, 542 U.S. 296, 303-04 (2004). They may affect the sentence, but Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny did not require jury trails on matters that had no effect on minimum and maximum sentences. See Booker, 543 U.S. at 220; Blakely, 542 U.S. at 296; United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005) (en banc). Ogata had no right to a jury determination of a methamphetamine amount beyond 50 grams of actual methamphetamine.

**C. Ogata Was Not Denied Her Right of Confrontation.**

Finally, Ogata argues that she was denied her Sixth Amendment right of confrontation. The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." Ogata cites Crawford v. Washington, 541 U.S. 36 (2004), and argues that she was wrongly denied the opportunity to cross-

examine the witnesses whose statements this court indirectly relied on in determining that she was responsible for 50 pounds of methamphetamine. The Presentence Investigation Report stated that the statements of two individuals, Sheri Lynn Bulacan and Ronald Shim, and hotel records established that Ogata was responsible for assisting in the distribution of at least 50 pounds of methamphetamine. Ogata appears to be arguing that she should have been afforded the opportunity to cross-examine Bulacan and Shim.

In Crawford, 541 U.S. at 58, the Supreme Court held that, in criminal cases, the Confrontation Clause prohibits the introduction of testimonial statements made by an unavailable witness when the defendant has not had a prior opportunity to cross-examine that witness. However, Crawford, which addressed trial testimony, does not apply at sentencing. United States v. Littlesun, 444 F.3d 1196, 1199 (9th Cir. 2006) ("Thus the law on hearsay at sentencing is still what it was before Crawford: hearsay is admissible at sentencing."). The court could nevertheless have held a nonjury evidentiary hearing to resolve any dispute, but Ogata did not ask for such a hearing or dispute the drug amount.

Ogata's argument that she was not actually responsible for 50 pounds of methamphetamine is procedurally barred, as it was not raised at the sentencing hearing or on direct appeal.

12

See Frady, 456 U.S. at 167-68.  Moreover, at the sentencing hearing, Ogata's counsel acknowledged and even stressed that the Presentence Investigation Report attributed 50 pounds of generic methamphetamine to Ogata.  See Sentencing Transcript at 8:10-25.  Ogata's counsel argued that the 50 pounds was only a small percentage of the 2,000 pounds attributed to the conspiracy, which made Ogata less culpable than her co-defendants.  Id.  Ogata offers no reason for having failed to contest the drug amount at that time or on appeal.

Moreover, even if her counsel was deficient in not raising the arguments Ogata now asserts (a matter this court does not find), Ogata's present motion fails because Ogata does not show that she was prejudiced by her counsel's failure.  An evidentiary hearing is unnecessary because Ogata identifies no factual allegations that, if true, would entitle her to relief.

### D. The Court Declines To Issue a Certificate of Appealability.

The court also declines to issue a certificate of appealability.  An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B).  The court shall issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court denies a § 2255 petition on

the merits, a petitioner, to satisfy the requirements of section 2253(c)(2), "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  No reasonable jurist would find this court's assessment of the merits of Ogata's constitutional claims debatable or wrong.

**V.      CONCLUSION.**

Ogata's § 2255 Petition is DENIED.  The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 19, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Ogata v. United States, CRIM. NO. 07-00615 SOM; CIV. NO 12-00130 SOM-RLP; ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY UNDER 28 U.S.C. § 2255